IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

WILLIE L. CASPER, III,

    Plaintiff,

v.                                            CASE NO. 2:23cv53

HAROLD W. CLARKE, DIRECTOR OF
VIRGINIA DEPARTMENT OF CORRECTIONS

    Defendant.

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant Harold Clarke ("Defendant"), by counsel, submits the following Memorandum in support of his Motion to Dismiss.

Plaintiff Willie L. Casper, III ("Casper" or "Plaintiff") was an inmate formerly incarcerated at a Virginia Department of Corrections ("VDOC") facility. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and alleges a violation of his due process rights under the Fifth and Fourteenth Amendments. Specifically, Plaintiff alleges the following:

> **Claim I:** Plaintiff's rights under the Fifth and Fourteenth Amendments were violated when he was not released "on July 1, 2022 or before September 1, 2022";
>
> **Claim II:** Plaintiff's rights under Virginia Code § 53.1-202.3 were violated when VDOC did not release him on "on July 1, 2022 or before September 1, 2022";
>
> **Claim III:** Defendant committed the tort of unlawful detainment or wrongful incarceration against the Plaintiff;
>
> **Claim IV:** Defendant committed negligent infliction of emotional distress;
>
> **Claim V:** Defendant committed intentional infliction of emotional distress; and
>
> **Claim VI:** Defendant committed violation of state civil rights.

ECF No. 1 at 3-4.

Plaintiff does not state a claim upon which relief can be granted.  Therefore, Defendant respectfully requests that this Court grant his motion to dismiss pursuant to Rule 12 of the *Federal Rules of Civil Procedure* and dismiss the action in its entirety.

**PROCEDURAL HISTORY**

On February 15, 2023, Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983 and alleges that Defendant violated his due process rights under the Fifth and Fourteenth Amendments.  ECF No. 1.

On March 8, 2023, Plaintiff filed a Motion to Amend the Complaint. ECF No. 4.

On March 16, 2023, Defendant filed a Motion to Dismiss the original complaint (ECF No. 1).  ECF No. 5.

On November 3, 2023, the Court granted the Motion to Amend the Complaint and was ordered to file an Amended Complaint. Defendant's Motion to Dismiss was denied as Moot in light of the Motion to Amend. ECF No. 10.

On May 9, 2024, Plaintiff made a Motion to move forward on the original complaint, instead of filing an Amended Complaint. ECF No. 13.

On September 18, 2024, the Court denied the Motion to move forward on the original complaint without prejudice and Ordered the Plaintiff to advice the Court in writing whether he wishes to proceed on his initial complaint. ECF No. 15.

On September 25, 2024, Plaintiff advised the Court in writing that he wished to proceed on the initial complaint (ECF No. 1). ECF No. 16.

In accordance with this Court's Order, Defendant is now filing a Motion to Dismiss in response to the initial complaint. ECF No. 17.

**STATEMENT OF FACTS**

When ruling on Defendant's Motion to Dismiss, this Court must "accept as true" all *plausible* factual allegations in Plaintiff's Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "While the court accepts plausible factual allegations in the complaint as true . . . a court 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Miller v. Ingles*, No. 1:09cv200, 2009 U.S. Dist. LEXIS 64322, at *3 (W.D.N.C. Jul. 14, 2009) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). Nothing requires this Court to accept Plaintiff's "'legal conclusion[s] couched as factual allegation[s].'" *SD3, LLC v. Black & Decker (U.S.) Inc.,* 801 F.3d 412, 422 (4th Cir. 2015) (quoting *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014)). So viewed, and as pertinent to this Motion, the factual allegations are as follows[1]:

1. Plaintiff was an inmate formerly incarcerated at a VDOC facility. ECF No. 1 at 3.

2. At the time Plaintiff allegedly suffered injury, he was within VDOC custody. ECF No. 1 at 3-4.

3. Defendant Clarke is the former Direction of VDOC. ECF No. 1 at 4.

4. On November 13, 2014, Plaintiff entered VDOC custody. ECF No. 1-1 at 2 (Plaintiff's Exhibit #1, showing "11/13/2014" as Plaintiff's Custody Responsibility Date).

5. Plaintiff originally had a total sentence of thirteen (13) years, six (6) months, and thirty (30) days for sentences imposed for numerous felony convictions in the Portsmouth Circuit Court and the Chesapeake Circuit Court. ECF No. 1-1 at 5 (Plaintiff's Exhibit #3).

---

[1] While Defendant does not accept the facts as Plaintiff alleges them to be, he accepts them for the purposes of the Motion to Dismiss. In the interest of brevity, Defendant summarizes the relevant factual allegations here and does not repeat them in their entirety.

6. However, On April 15, 2015, the Chesapeake Circuit Court entered an order modifying two of the Plaintiff's sentences to make each of the two (2) years and six (6) months sentences run concurrently instead of consecutively. ECF No. 1-1 at 7-8 (Plaintiff's Exhibit #4).

7. Plaintiff alleges that he should have been released before December 6, 2022. ECF No. 1 at 3 (stating that Plaintiff should have been released "on July 1, 2022 or before September 1, 2022").

8. Plaintiff alleges that the "Virginia Department of Corrections did not follow the proper procedures in accord with Virginia Code § 53.1-202.3" and was detained improperly until his actual release on December 6, 2022. ECF No. 1 at 3.

9. During the period of unlawful detainment, Plaintiff was "around drug using inmates" and "contracted" opiates. As a result, he suffered a heart attack. ECF No. 1 at 4.

## ARGUMENT AND AUTHORITIES

**A.      Legal Standard Applicable to a Rule 12(b)(6) Motion**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556–57). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility or 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

"*Iqbal* and *Twombly* articulated a new requirement . . . rejecting a standard that would allow a complaint to 'survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery.'" *McCleary-Evans v. Md. Dep't of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015), cert denied, 136 S. Ct. 1162 (2016). Also, although the Court must consider all of the factual allegations of the complaint as true, the Court is not bound to accept a legal conclusion couched as a factual assertion, *Iqbal*, 556 U.S. at 663-64, nor should the Court accept a plaintiff's "unwarranted deductions," "rootless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations." *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996).

Generally, a Rule 12(b)(6) motion to dismiss "cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, a court may determine the merits of an affirmative defense raised in a motion under Rule 12(b)(6) if "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." *Id.*; *see also United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). For this reason, if it is apparent from the allegations of the complaint that a party is entitled to immunity from suit, this defense may be raised through a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Ostrzenski v. Seigel*, 177 F.3d 235, 253 (4th Cir. 1999) (affirming Rule 12(b)(6) dismissal of a § 1983 suit for failure to state a claim where the defendant raised the defense of quasi-judicial immunity); *see also Smith v. McCarthy*, 349 Fed. App'x 851 (4th Cir. 2009) (per curiam) (affirming Rule 12(b)(6) dismissal of a § 1983 suit for failure to state a claim where the various defendants raised the defenses of qualified immunity, absolute prosecutorial immunity, and Eleventh Amendment sovereign immunity).

**B.	As to any official-capacity claims, Defendant is entitled to Eleventh Amendment immunity.**

To the extent that Defendant Clarke is being sued in his official capacities, he is entitled to dismissal for two separate, but related, reasons. First, neither a state nor its officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citation omitted)). Therefore, to the extent that Plaintiff is seeking relief from Defendant Clarke in his official capacity, the complaint fails to state a claim upon which relief can be granted. *Id.*

Second, Defendant Clarke is entitled to Eleventh Amendment immunity as to any official-capacity claims against him. In his official capacity, Defendants function as an arm of the state, and, as with § 1983 claims against any other state agencies or other entities, they are therefore immune from suit. Defendants recognize that, under *Ex parte Young*, 209 U.S. 123 (1908), there is a limited exception to the doctrine of Eleventh Amendment immunity, permitting a suit against state officials to proceed in federal court if it seeks prospective injunctive or declaratory relief to prevent an ongoing violation of federal law. But this suit does neither. For these reasons, Defendants retain the cloak of Eleventh Amendment immunity, and any official-capacity claims should be dismissed.

**C.	The Complaint does not allege sufficient personal involvement by Defendant Clarke.**

Plaintiff does not assert any factual involvement by Defendant Clarke. Specifically, to state a claim under 42 U.S.C. § 1983, a civil rights plaintiff must show direct personal involvement by the defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional

violations"); *see also Garraghty v. Va. Dep't of Corr.*, 52 F.3d 1274, 1280 (4th Cir. 1995). Here, Plaintiff has not identified *any* specific, alleged misconduct with respect to the Defendant's personal involvement in the alleged violation of his constitutional rights. Instead, Plaintiff generally alleges that VDOC did not follow proper procedures and he should have been released from custody earlier in violation of his constitutional rights. ECF No. 1 at 3. This is not sufficient to state a claim against Defendant Clarke because Plaintiff has not alleged that the Defendant Clarke ***himself*** undertook any actions that resulted in Plaintiff's alleged injury. ECF No. 1 at 3-4.

The Complaint also fails to provide Defendant Clarke with any notice as to why, precisely, he is allegedly liable. For this reason, the allegations fail under Rule 8(a)(2) of the *Federal Rules of Civil Procedure*. The Complaint raises no more than a "sheer possibility" that Defendant Clarke "acted unlawfully," and, therefore, does not state a plausible claim for relief against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Said differently, the Complaint utterly fails to give Defendant "fair notice" of both the claims against him, "and the grounds upon which [they] rest[]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added) (omission in original) (internal quotations omitted). As the Supreme Court has explained, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.*; *see also Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998) ("[N]otice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy.").

Here, it is evident that the Defendant has been named as the Defendant solely because of his position as the Director of VDOC. ECF No. 1 at 3-4. However, even assuming arguendo

7

Casper sufficiently a stated plausible claim against any of Defendant Clarke's subordinates, *respondeat superior* is not available in actions brought under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 676 ("[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Monell v. Dep't of Social Servs.*, 436 U.S. 658; *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977); *see also Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the sub-agents or servants or other persons properly employed by or under him, in the discharge of his official duties."). And although "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates," *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), the stringent requirements for imposition of supervisory liability in the context of 42 U.S.C. § 1983 have not been alleged here. *See, e.g.*, *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014); *Jones v. Wellham*, 104 F.3d 620, 627 (4th Cir. 1997); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (discussing elements that must be affirmatively pled in order to impose liability on a supervisor under 42 U.S.C. § 1983); *Campbell v. Angelone*, No. 7:01cv01023, 2004 U.S. Dist. LEXIS 30065, at *5-9 (W.D. Va. Apr. 16, 2004) (granting summary judgment on behalf of supervisory officials where the plaintiff failed to allege that the supervisors had any direct involvement with an alleged constitutional injury).

Because the allegations contained in the Complaint do not contain sufficient facts from which the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged," Casper has not stated a plausible claim against Defendant Clarke. *Iqbal*, 556 U.S. at 678. Accordingly, Defendant Clarke requests that the claims against him be

dismissed for failure to state a claim upon which relief can be granted. *See id.* at 676 (requiring that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Calvary Christian Ctr. v. City of Fredericksburg*, 832 F. Supp. 2d 635, 642 (E.D. Va. 2011) (granting a 12(b)(6) motion to dismiss the plaintiff's RLUIPA claims, noting that "[t]alismanic assertions lacking factual support are insufficient to satisfy the pleading standard set by *Twombly* and *Iqbal*"); *see also Ruefly v. Landon*, 825 F.2d 792, 794 (4th Cir. 1987) (affirming dismissal of Eighth Amendment claim under Rule 12(b)(6) where the plaintiff had, "at most, alleged negligence on the part of the defendants," which "cannot support a claim for a violation of the eighth amendment's cruel and unusual punishments clause"); *see also Pena v. Garder*, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

**D.      Defendant Clarke is Entitled to Qualified Immunity.**

Additionally, because Casper has not stated a cause of action against him, Defendant Clarke is entitled to qualified immunity. Government officials, performing discretionary functions, are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). The purpose of the doctrine is to protect officers in the performance of their duties unless they are "plainly incompetent" or "they knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 342 (1986). Because "[t]he privilege is an *immunity from suit* rather than a mere defense to liability," questions of immunity ought to be resolved "at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) (internal quotations omitted).

9

When evaluating a claim of qualified immunity, courts must first ascertain "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). As discussed above, Defendant Clarke is not alleged to have personally done anything unlawful. Casper's allegations, even if true, do not establish that Defendant Clarke himself, personally violated Casper's constitutional rights. Casper has alleged no direct personal involvement by Defendant Clarke with regard to the circumstances giving rise to this action. Defendant is therefore entitled to qualified immunity. *See, e.g.*, *Muhammad v. Wade*, No. 1:09cv939, 2001 U.S. Dist. LEXIS 22234, at *12 (E.D. Va. Mar. 2, 2011) (granting defendant sheriff's motion to dismiss where the plaintiff "makes no allegations that [the sheriff] acted personally to deprive him of his constitutional rights," reasoning that the sheriff was entitled to "absolute immunity" because "he can have no vicarious liability to [the plaintiff] for the harm he alleges"); *Burt v. Mitchell,* 589 F. Supp. 186, 192 (E.D. Va.1984) ("Generally, prison officials are absolutely immune from liability stemming from their participation in the inmate grievance process.").

## CONCLUSION

In sum, Casper fails to state a cognizable claim against Defendant Clarke. Because Plaintiff has not identified ***any*** conduct Defendant Clarke allegedly engaged in that might make him liable for any alleged violation of his civil rights, Casper has failed to state a plausible claim for relief against him. Moreover, absent any specific allegations of wrongdoing, Defendant Clarke is entitled to qualified immunity.

For the foregoing reasons, Defendant Clarke respectfully requests this Court grant his Motion for failure to state a claim upon which relief can be granted.

Respectfully submitted,

HAROLD CLARKE

By:         /s/
Laura H. Cahill, AAG, VSB#86328
Jeremiah Johansen, AAG, VSB #99399
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-5630
(804) 786-4239 (Fax)
Email: lcahill@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following CM/ECF participant: N/A

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Willie L. Casper, III
2922 Aaron Drive
Chesapeake, VA 23323
757-236-2646
Pro Se

By:      /s/
Laura H. Cahill, AAG, VSB#86328
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 786-5630
(804) 786-4239 (Fax)
Email: lcahill@oag.state.va.us