UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |
|---|---|
| WILLIE L. CASPER, III,<br><br>                    Plaintiff,<br><br>          v.<br><br>HAROLD W. CLARKE, DIRECTOR OF VIRGINIA DEPARTMENT OF COR-RECTIONS,<br><br>                    Defendant. | Civil No. 2:23cv53 |

## ORDER

Before the Court are a Motion to Dismiss for Failure to State a Claim (the "Motion") (ECF No. 25) and a Memorandum in Support thereof (ECF No. 26) filed by Defendant Harold W. Clarke, Director of Virginia Department of Corrections ("Defendant Clarke"). For the following reasons, the Motion (ECF No. 25) is **GRANTED**.[1]

## I.    BACKGROUND

### A.    Factual Background

When ruling on a motion to dismiss for failure to state a claim, courts accept a complaint's well-pled factual allegations as true and draw any reasonable inferences in favor of the plaintiff. *See, e.g.*, *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012). The Court is "not so bound with respect to a complaint's legal conclusions." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quoting *District 28,*

---

[1] The Court has determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Civ. R. 7(J).

*United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir. 1979)) (cleaned up). Accordingly, the Court reviews the facts as alleged by *pro se* Plaintiff Willie L. Casper, III ("Plaintiff" or "Mr. Casper") in his Complaint. *See* Compl. at 1–4, ECF No. 1.

Plaintiff was an inmate formerly incarcerated at a Virginia Department of Corrections ("VDOC") facility. *Id.* at 3. At the time Plaintiff alleges that he suffered injury, he was within VDOC custody. *Id.* at 3–4. Defendant Clarke is the former Director of VDOC. *Id.* at 4.

On November 13, 2014, Plaintiff entered VDOC custody. Compl. Ex. 1, ECF No. 1-1 at PageID#7 (showing "11/13/2014" as Plaintiff's Custody Responsibility Date). He was originally sentenced in the Portsmouth and Chesapeake Circuit Courts to a total of 13 years, 6 months, and 30 days in VDOC custody, for numerous felony convictions. Compl. Ex. 3, ECF No. 1-1 at PageID#10.[2] On April 15, 2015, the Chesapeake Circuit Court entered an order modifying the 2.5-year sentence that Plaintiff received for his Probation Violation in Case No. CR12-1417-01. Compl. Ex. 4, ECF No. 1-1, PageID#12–13. While **one year** of that 2.5-year sentence was originally set

[2] Mr. Casper was sentenced to four years for the offense of Shoplift Alter Price/Conceal Goods (Case No. CR14-307-00), five years for the offense of Obtain Money/Etc: False Pretense, Larceny, to run concurrently to all other sentences imposed (Case No. CR14-917-02), four years for the offense of Stolen Property with Intent to Sell, Larceny (Case No. CR14-307-13), four years for the offense of Conspire/Aid/Abet: To Commit Larceny (Case No. CR14-307-02), and two years and six months for a Probation Violation of a 2001 Forgery Offense, with **one year to run concurrently** to the sentences imposed in Case Nos. CR14-307-00 & CR14-307-02 (Case No. CR12-1417-01). Compl. Ex. 3, ECF No. 1-1, PageID#10–11. He also had an additional sentence of thirty days imposed on January 7, 2014 in the Norfolk General District Court for Suspended License (8th Offense). *Id.* at PageID#11.

to run concurrently to the sentences he received in Case Nos. CR14-307-00 & CR14-307-02, that sentence was modified such that ***the full 2.5-year sentence*** was set to run concurrently to Case Nos. CR14-307-00 & CR14-307-02. *Id*. As such, Plaintiff alleges that he should have been released before December 6, 2022. *See* Compl. at 3, ECF No. 1 (stating that Plaintiff should have been released "on July 1, 2022 or before September 1, 2022"). Plaintiff further alleges that the VDOC "did not follow the proper procedures in accord with the Virginia [Code] § 53.1-202.3" and he was therefore detained improperly until his actual release on December 6, 2022. *Id*. During this period of allegedly unlawful detainment, Plaintiff was "around drug using inmates" and "contracted" opiates. *Id*. at 4. As a result, he suffered a heart attack. *Id*.

### B.    Procedural History

On February 15, 2023, Plaintiff filed a Complaint against Defendant pursuant to 42 U.S.C. § 1983, alleging that Defendant had violated his due process rights under the Fifth and Fourteenth Amendments. *See* Compl., ECF No. 1. Specifically, Plaintiff alleges the following:

> **Claim I:** Plaintiff's rights under the Fifth and Fourteenth Amendments were violated when he was not released "on July 1, 2022 or before September 1, 2022";

> **Claim II:** Plaintiff's rights under Virginia Code § 53.1-202.3 were violated when VDOC did not release him "on July 1, 2022 or before September 1, 2022";

> **Claim III:** Defendant committed the tort of unlawful detainment or wrongful incarceration against the Plaintiff;

> **Claim IV:** Defendant committed negligent infliction of emotional distress;

> **Claim V:** Defendant committed intentional infliction of emotional distress; and
>
> **Claim VI:** Defendant committed violations of state civil rights.

*Id.* at 3–4. Plaintiff does not allege whether he is bringing his claims against Defendant in his official or personal capacity. *See generally id.* As relief, Plaintiff seeks monetary damages in the amount of $100,000,000, as well as punitive damages. *Id.* at 5.

On March 8, 2023, Plaintiff filed a Motion to Amend the Complaint. Mot., ECF No. 4. On March 16, 2023, Defendant filed a Motion to Dismiss the original complaint. Mot., ECF No. 5. On November 3, 2023, the Court granted Plaintiff's Motion to Amend (ECF No. 4) and ordered Plaintiff to file an Amended Complaint. Order, ECF No. 10. It further dismissed Defendant's Motion to Dismiss (ECF No. 5) as moot. *Id.*

On May 9, 2024, in lieu of filing an Amended Complaint, Plaintiff filed a Motion to move forward on his original complaint. Mot., ECF No. 13. On September 18, 2024, the Court denied that Motion (ECF No. 13) without prejudice and ordered Plaintiff to advise the Court in writing as to whether he wished to proceed on his original complaint. Order, ECF No. 15. On September 25, 2024, Plaintiff advised the Court in writing that he wished to proceed on his original complaint (ECF No. 1). Pl. Resp., ECF No. 16.

On October 1, 2024, the Court ordered Defendant to file a responsive pleading to Plaintiff's original complaint. Order, ECF No. 17. In response to that Order, on December 20, 2024, Defendant filed the instant Motion to Dismiss (ECF No. 25) and a Memorandum in Support thereof (ECF No. 26). Plaintiff filed a response in opposition to the Motion on January 23, 2025 (ECF No. 30), as well as an amended response

in opposition to the Motion on January 28, 2025 (ECF No. 31).[3] Defendant did not file a reply. The Motion is ripe for adjudication.

## II.   LEGAL STANDARD

Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mem. Supp. at 2, ECF No. 26. A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual

---

[3] On January 10, 2025, Plaintiff filed a Motion for Extension of Time to respond to Defendant's Motion to Dismiss (ECF No. 25). Mot. Ext., ECF No. 29. Therein, Plaintiff requested an additional 21 days to file his opposition brief, pursuant to Federal Rule of Civil Procedure 6(b), stating that he "lost his father on . . . Jan. 5, 2025 . . . [and] has had a lot of responsibilities to handle in preparing to lay his father to rest." *Id.* at 1 (cleaned up). Defendant did not file an objection to the Motion for Extension, and the time to do so has expired. However, Plaintiff filed his first opposition brief on January 23, 2025, within the original deadline for doing so. As such, Plaintiff's Motion for Extension (ECF No. 29) is **DISMISSED as moot**, and Plaintiff's oppositional briefs (ECF Nos. 30, 31) are deemed timely filed.

allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Further, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the plaintiff's advocate and develop, *sua sponte*, statutory and constitutional claims that the plaintiff failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

That said, the Court is mindful that, "'where, as here, there is a *pro se* complaint raising civil rights issues,' 'liberal construction of the pleadings is particularly appropriate.'" *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Moreover, when the Court is analyzing "a Rule 12(b)(6) motion . . . testing the sufficiency of a civil rights complaint, '[the Court] must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (emphasis in original) (quoting *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

## III.  ANALYSIS

As summarized above, Plaintiff claims that Defendant Clarke violated his rights as well as VDOC operating procedures. Compl. at 1–4, ECF No. 1. Plaintiff

does not indicate whether he is suing Defendant in his official or personal capacity, *see generally id.*, so the Court considers Plaintiff's claims to be pled against Defendant in both capacities below.

### A.    Official-Capacity Claims

To the extent that he is being sued in his official capacity, Defendant moves to dismiss all of Plaintiff's claims on the grounds that "he is entitled to Eleventh Amendment immunity as to any official-capacity claims against him." Mem. Supp. at 6, ECF No. 26.

"The Eleventh Amendment bars a private individual from suing a state [such as the Commonwealth of Virginia] in federal court," unless "the state consents to be sued in federal court" or "Congress has abrogated the states' Eleventh Amendment immunity." *Madden v. Virginia*, No. 3:11cv241, 2011 WL 2559913, at *2 (E.D. Va. June 28, 2011); *see also* U.S. Const. amend XI; *In re Collins*, 173 F.3d 924, 927 (4th Cir. 1999). The Eleventh Amendment also bars any claims for monetary damages against Defendant Clarke in his official capacity. This is because a "'suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.'" *Riddick v. Watson*, 503 F. Supp. 3d 399, 412 (E.D. Va. 2020) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Under these principles of law, the Court finds that Eleventh Amendment immunity bars Plaintiff's claims for monetary damages against Defendant Clarke in his

official capacity. Therefore, Plaintiff has failed to state a claim against Defendant Clarke in his official capacity.

### B.    Personal-Capacity Claims

Defendant moves to dismiss all of Plaintiff's claims, to the extent that he is being sued in his personal capacity, on the grounds that "Plaintiff does not assert any factual involvement by Defendant Clarke." Mem. Supp. at 6, ECF No. 26.

As an initial matter, Plaintiff attempts to amend his Complaint through his responsive pleading to assert personal involvement by Defendant Clarke. *See* Resp. Opp'n at 1–2, 4–5, ECF No. 31. A plaintiff may not effectively amend their complaint by raising new factual allegations in response to a motion to dismiss. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[A]s a general rule extrinsic evidence should not considered at the [Rule] 12(b)(6) stage . . ."). Therefore, Plaintiff's new factual allegations raised in his response are not properly before the Court. To the extent Plaintiff's response relies on allegations of those previously unasserted facts, the Court will not consider those arguments.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must show direct personal involvement by the defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (stating that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"). Here, Plaintiff has not alleged any specific misconduct with respect to Defendant Clarke's personal involvement in the alleged violation of his constitutional rights. Rather, Plaintiff generally alleges that VDOC did not follow proper procedures and that he should have been released from custody

earlier than he was, in violation of his constitutional rights. Compl. at 3, ECF No. 1. Plaintiff has not alleged that Defendant Clarke himself took any actions that resulted in Plaintiff's alleged injury. Therefore, Plaintiff has failed to state a claim against Defendant Clarke in his personal capacity.[4]

### C.    Qualified Immunity

Defendant additionally argues that he is entitled to qualified immunity because Plaintiff has not stated a cause of action against him. Mem. Supp. at 9–10, ECF No. 26. "[G]overnment officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When evaluating a claim of qualified immunity, courts must first ascertain "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

Here, Plaintiff has failed to allege that Defendant Clarke personally committed any constitutional violations. Therefore, because Defendant is a government official and because Plaintiff has not alleged that Defendant has violated a clearly established right, Defendant is entitled to qualified immunity. *See Blount v. Phipps*, No. 7:11cv594, 2013 WL 831684, at *5 n. 12 (W.D. Va. Mar. 6, 2013) ("Generally, prison

---

[4] To the extent that Plaintiff seeks to hold Defendant liable for the actions of his subordinates as the Director of the VDOC, *respondeat superior* is not available in actions brought under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 676 ("[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

officials are absolutely immune from liability stemming from their participation in the inmate grievance process.").

*       *       *

In sum, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Clarke in either his personal or official capacity, and moreover, Defendant Clarke is entitled to qualified immunity for the actions alleged by Plaintiff in the Complaint.

## IV.  CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss (ECF No. 25) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice**. Plaintiff's Motion for Extension of Time (ECF No. 29) is **DISMISSED as moot**. The Clerk is **DIRECTED** to close this case. The Clerk is **REQUESTED** to forward a copy of this Order to *pro se* Plaintiff Willie L. Casper, III at his last known address and counsel for the Defendant.

**IT IS SO ORDERED.**

/s/<br>
Arenda L. Wright Allen<br>
United States District Judge

September 24, 2025
Norfolk, Virginia